Electronically Filed 4/20/2022 3:23 PM
Stacey Kemp County Clerk
Collin County, Texas
By: Brenda Crandall, Deputy
Envelope: 63745234

PB1-0690-2022

Cause No. _____

| | | |
|---|---|---|
| Viral Kapadia, *Independent Administrator* *of the Estate of Manasi Pradip Kapadia,* *Deceased*, Plaintiff | § § § § § | IN THE PROBATE COURT OF COLLIN COUNTY, TEXAS |
| vs. | § § § | |
| Texas Instruments, Inc.; Fidelity Investments, Inc.; The Vanguard Group, Inc.; and Unknown Defendant(s) *Defendants* | § § § § | |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND FOR INJUNCTIVE RELIEF

Viral Kapadia, as Independent Administrator of the Estate of Manasi Pradip Kapadia ("**Plaintiff**") files this *Petition for Declaratory Judgment and for Injunctive Relief* and for just cause respectfully states:

### I. Introduction and Facts

1.1.    Manasi Pradip Kapadia ("**Decedent**") died on December 24, 2018, at the age of 44 years.

1.2.    On or about February 26, 2019, Plaintiff was appointed and qualified as the independent administrator of the Decedent's estate in Collin County Cause Number PB1-0156-2019 (the "**Probate Proceeding**")

1.3.    Upon information and belief, at the time of her death, Decedent owned a 401(k) (the "**401(k)**") through her employer, Texas Instruments, Inc. ("**TI**") and managed by Fidelity

Investments, Inc. ("**Fidelity**").

1.4.    Upon information and belief, at the time of her death, Decedent owned an Individual Retirement Account (the "**IRA**") managed by The Vanguard Group, Inc. ("**Vanguard**").

1.5.    TI, Fidelity, and Vanguard have refused to provide information to Plaintiff about the 401(k) and the IRA, asserting that the 401(k) and the IRA are payable to a named beneficiary and not payable to the Decedent's estate.

1.6.    TI, Fidelity, and Vanguard have refused to disclose the identity of the named beneficiary of the 401(k) and the IRA other than a vague reference to a person named Swami ("**Swami**").

1.7.    Swami is unknown to Plaintiff and to the Decedent's mother and father, who are the adjudicated heirs of Decedent's estate.

1.8.    Upon information and belief, neither the 401(k) nor the IRA have been collected in the 3+ years since Decedent's death.

1.9.    Prior to her death, Decedent was receiving inpatient mental health treatment and, depending on the date of execution of any beneficiary designations or account agreements, Decedent may have lacked the capacity or been subject to undue influence regarding the execution of the beneficiary designation forms and/or account agreements.

1.10.    Plaintiff files this petition to:

> (a) determine his rights regarding the ownership and disposition of the 401(k) and the IRA and
>
> (b) determine questions arising in the administration of the decedent's estate

including

(i) a construction of written beneficiary designations and account agreements related to the 401(k) and the IRA and

(ii) a finding that Decedent lacked the capacity or was subject to undue influence regarding the execution of the beneficiary designation forms and/or account agreements.

1.11.   Plaintiff reserves the right to amend this petition to conform to the facts as they are revealed in the discovery process.

## II.  Parties, Capacities & Service

2.1.    Plaintiff is Viral Kapadia, as Independent Administrator of the Estate of Manasi Pradip Kapadia, Deceased.

2.2.    The first Defendant / Necessary Party is Texas Instruments, Inc., a corporation conducting business in Texas.  TI may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

2.3.    The second Defendant / Necessary Party is Fidelity Investments, Inc., a financial institution conducting business in Texas.  Fidelity may be served through its registered agent, Daniel C. Lemay, 2921 Suffolk Court East, Suite 350, Fort Worth, TX, 76133.

2.4.    The third Defendant / Necessary Party is The Vanguard Group, Inc., Inc., a financial institution conducting business in Texas.  Vanguard may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

2.5.    The fourth Defendant(s) / Necessary Party(-ies) is(are) the named beneficiary

(-ies) of the 401(k) and the IRA, a person (persons) whose identity and whereabouts are unknown to Plaintiff ("**Unknown Defendant(s)**"). Unknown Defendant(s) be served by publication in Collin County, Texas.

### III.  Jurisdiction & Venue

3.1.    This Court has jurisdiction to these proceedings pursuant to Texas Estates Code (sometimes referred to herein as "TEC") § 32.005 because this is a probate proceeding and/or a matter related to a probate proceeding as those terms are defined in TEC §§ 31.001 and 31.002.

3.2.    Venue is proper in this Court pursuant to TEC § 33.002 because this is the court in which the Decedent's estate is pending.

### IV.  Discovery Control Plan and Rule 47 Statement

4.1.    Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff intends for discovery to be conducted herein under Level 2, as set forth in Rule 190.3.

4.2.    The remedies sought are within the jurisdictional limits of the Court.

4.3.    Plaintiff currently seeks monetary relief over $250,000 but not more than $1,000,000 and nonmonetary relief.

### V.  Pleadings Filed in the Alternative

5.1.    Plaintiff hereby pleads all of his claims, causes of action, relief and remedies demanded, and further pleadings alternatively and hypothetically, without specifying in each separate paragraph herein that the same are thus plead alternatively and hypothetically, as specifically allowed by Texas Rules of Civil Procedure 47, 48, and 51.

## VI.  Conditions Precedent

6.1.    All conditions precedent to Plaintiff's rights to commence and to prosecute this civil action, and to recover the relief requested herein, have occurred or been fulfilled.

## VII.  Incorporation by Reference

7.1.    Plaintiff hereby incorporates the preceding and succeeding allegations by reference into all the following claims, causes of action, and remedies, excepting only those, if any, that are inconsistent with any such particular claim, cause of action, or remedy.

## VIII.  Request for Declaratory Relief

8.1.    Disputes have arisen between Plaintiff, on one hand, and Fidelity, Vanguard, and Unknown Defendant(s) on the other hand, as to the ownership and disposition of the 401(k) and the IRA in light of (a) the lack of identification of the named beneficiary, if any, (b) the fact that neither the 401(k) nor the IRA has been claimed in the 3+ years since Decedents death, (c) Plaintiff's lack of information regarding the governing beneficiary designations and account agreements, and (d) Decedent's mental status at the time of execution of the beneficiary designations and account agreements.

8.2.    In light of the above-described documents and facts, Plaintiff respectfully requests that the Court enter a judgment declaring the proper disposition of the 401(k) and the IRA.

8.3.    Pursuant to TCPRC § 37.011, Plaintiff requests such other and further supplemental relief based upon the above-listed declarations as may be necessary or proper.

## IX.  Temporary Injunction

9.1.    Plaintiff requests the issuance of a Temporary Injunction enjoining Fidelity and Vanguard form distributing the 401(k) and the IRA until the declarations sought herein are granted.

### A.  A Cause of Action against the Defendants

9.2.    As described above, Plaintiff seeks a declaratory judgment regarding the disposition of the 401(k) and the IRA.

### B.  A Probable Right to the Relief Sought

9.3.    Plaintiff will be able to gather and provide evidence of the facts alleged above which call into question the validity and enforceability of any beneficiary designation and/or account agreements regarding the 401(k) and the IRA.

### C.  A Probable, Imminent, and Irreparable Injury in the Interim

9.4.    If the 401(k) and/or IRA are distributed, they will likely be unrecoverable, especially with the unknown identity of "Swami."

## X.  Attorney's Fees

10.1.    Plaintiff has engaged the undersigned attorneys to represent him in this civil action.   Plaintiff seeks recovery of his reasonable and necessary attorney's fees, costs and expenses through trial and all appeals under applicable Texas law, including but not limited to Texas Civil Practices and Remedies Code Section 37.009.

## XI.  Request for Relief

11.1.  For all these reasons, Plaintiff respectfully prays that the Court:

(a)  Grant the declaratory relief requested above;

(b)  Issue a Temporary Injunction as requested above;

(c)  Award attorneys' fees and expenses to Plaintiff as requested above; and

(d)  Grant Plaintiff all such further relief, general or special, at law or in equity, as requested above and/or to which he may be justly entitled in this matter.

Respectfully submitted,

CALDWELL, BENNETT, THOMAS,
TORAASON, & MEAD, PLLC


By:    /s/David Mead_____
        David M. Mead
        Texas State Bar No. 24059277
        david@ptllaw.com
        4851 LBJ Freeway, Suite 601
        Dallas, Texas 75244
        Tel:    (972) 395-5600
        Fax:    (972) 833-2240
        **Counsel for Plaintiff**

## VERIFICATION

STATE OF TEXAS     §
                  §
COUNTY OF _COLLIN_   §

Before me, on this day personally appeared Viral Kapadia, as Independent Administrator of the Estate of Manasi Pradip Kapadia, Plaintiff, who after being duly sworn by me, on oath stated that insofar as is known to him, the foregoing Original Petition contains a correct and complete statement of facts and that all the contents are true in substance and in fact.

Plaintiff (Signature)

Sworn to and subscribed before me by Viral Kapadia, as Independent Administrator of the Estate of Manasi Pradip Kapadia, Plaintiff, on the 20ᵗʰ day of _April_, 2022.

ZULFIQAR R. JIWANI
My Notary ID # 12098115
Expires September 15, 2024

Notary Public, State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jessica Porter on behalf of David Mead
Bar No. 24059277
jessica@ptllaw.com
Envelope ID: 63745234
Status as of 4/20/2022 3:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Porter | | Jessica@ptllaw.com | 4/20/2022 3:23:11 PM | SENT |
| David MMead | | david@ptllaw.com | 4/20/2022 3:23:11 PM | SENT |