IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VIRAL KAPADIA, *Independent Administrator of the Estate of Manasi Pradip Kapadia, Deceased*,<br>    *Plaintiff*<br><br>vs.<br><br>TEXAS INSTRUMENTS, INCORPORATED; FIDELITY WORKPLACE SERVICES, LLC (d/b/a Fidelity Investments); THE VANGUARD GROUP, INCORPORATED (d/b/a Vanguard Flagship Services); SWAMI NILESHWARAN-AND SARASWATI; and SWAMI CHAND-RAMAULESHWARANAND SARASWATI,<br>    *Defendants* | CIVIL NO. 4:22-CV-443-SDJ |

## PLAINTIFF'S AMENDED COMPLAINT
## AND REQUEST FOR DECLARATORY JUDGMENT

Viral Kapadia, as Independent Administrator of the Estate of Manasi Pradip Kapadia ("**Plaintiff**") files this *Petition for Declaratory Judgment and for Injunctive Relief* and for just cause respectfully states:

### I. Parties

1.  Plaintiff is Viral Kapadia, as Independent Administrator of the Estate of Manasi Pradip Kapadia, Deceased ("Plaintiff" and "Decedent," respectively). Plaintiff has standing and capacity to fil this suit and believes the correct defendants are being sued in their proper capacities.

2.  The first Defendant / Necessary Party is Texas Instruments, Incorporated ("TI"), a corporation conducting business in Texas.

3. The second Defendant / Necessary Party is Fidelity Workplace Services, LLC (d/b/a Fidelity Investments) ("Fidelity"), a financial institution conducting business in Texas.

4. The third Defendant / Necessary Party is The Vanguard Group, Incorporated (d/b/a Vanguard Flagship Services) ("Vanguard"), a financial institution conducting business in Texas.

5. The fourth Defendant / Necessary Party is SWAMI NILESHWARANAND SARASWATI ("Saraswati 1"), a person identified by Vanguard as the named primary beneficiary of Decedent's IRA with Vanguard and believed to be a named beneficiary of Decedent's 401(k) at TI/Fidelity. Saraswati 1 is a person whose actual existence, identity, and whereabouts are unknown to Plaintiff.

6. The fifth Defendant / Necessary Party is SWAMI CHANDRAMAULESH-WARANAND SARASWATI ("Saraswati 2"), a person identified by Vanguard as the named contingent beneficiary of Decedent's IRA with Vanguard and believed to be a named beneficiary of Decedent's 401(k) at TI/Fidelity. Saraswati 2 is a person whose actual existence, identity, and whereabouts are unknown to Plaintiff

## II. Jurisdiction & Venue

7. This Court has federal question jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 as this proceeding involves claims arising under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Chapter 18.

8. Venue for this proceeding is proper in the United States District Court for the Eastern District of Texas, Sherman Division, because this district and division include Collin County, Texas, the domicile of the deceased account holder, the place of her employment, and the location of the administration of her estate.

### III. Introduction and Facts

9. Manasi Pradip Kapadia ("Decedent") died on December 24, 2018, at the age of 44 years.

10. On or about February 26, 2019, Plaintiff was appointed and qualified as the independent administrator of the Decedent's estate in Collin County, Texas under Cause Number PB1-0156-2019 (the "Probate Proceeding")

11. Upon information and belief, at the time of her death, Decedent owned a 401(k) (the "401(k)") through her employer, TI, and managed by Fidelity.

12. Upon information and belief, at the time of her death, Decedent owned an Individual Retirement Account (the "IRA") managed by Vanguard.

13. TI, Fidelity, and Vanguard have provided only limited information to Plaintiff about the 401(k) and the IRA, and have asserted that the 401(k) and the IRA are payable to named beneficiaries (possibly Saraswati 1 and Saraswati 2) and are not payable to the Decedent's estate or any other individual.

14. Swami 1 and Swami 2 are unknown to Plaintiff and to the Decedent's mother and father, who are the adjudicated heirs of Decedent's estate.

15. Upon information and belief, neither the 401(k) nor the IRA have been collected in the 3+ years since Decedent's death.

16. Decedent suffered from schizophrenia during her lifetime; symptoms began to appear in her 20's.

17. Immediately prior to her death, Decedent was receiving inpatient mental health treatment.

18.     Decedent lacked the capacity and/or was the subject of undue influence regarding the execution of the beneficiary designation forms and/or account agreements for the 401(k) and the IRA.

19.     Plaintiff files this petition to:

    (a) determine his rights regarding the ownership and disposition of the 401(k) and the IRA and

    (b) determine questions arising in the administration of the decedent's estate including

        (i) a construction of written beneficiary designations and account agreements related to the 401(k) and the IRA and

        (ii) a finding that Decedent lacked the capacity or was subject to undue influence regarding the execution of the beneficiary designation forms and/or account agreements.

20.     Plaintiff reserves the right to amend this petition to conform to the facts as they are revealed in the discovery process.

### IV. Conditions Precedent

21.     All conditions precedent to Plaintiff's rights to commence and to prosecute this civil action, and to recover the relief requested herein, have occurred or been fulfilled.

### V. Request for Declaratory Relief

22.     Disputes have arisen between Plaintiff, on one hand, and TI, Fidelity, Vanguard, Saraswati 1, and Saraswati 2 on the other hand, as to the ownership and disposition of the 401(k) and the IRA in light of (a) the lack of existence, identification, and whereabouts of Saraswati 1,

and Saraswati 2, (b) the fact that neither the 401(k) nor the IRA has been claimed in the 3+ years since Decedents death, (c) Plaintiff's lack of information regarding the governing beneficiary designations and account agreements, and (d) Decedent's mental status at the time of execution of the beneficiary designations and account agreements.

23. In light of the above-described documents and facts, and pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Plaintiff respectfully requests that the Court enter a judgment declaring the proper disposition of the 401(k) and the IRA.

### VI. Request for Relief

24. For all these reasons, Plaintiff respectfully prays that the Court:

    (a) Grant the declaratory relief requested above; and

    (b) Grant Plaintiff all such further relief, general or special, at law or in equity, as requested above and/or to which he may be justly entitled in this matter.

Respectfully submitted,

CALDWELL, BENNETT, THOMAS,
TORAASON & MEAD, PLLC

By: /s/David Mead
David M. Mead
Texas State Bar No. 24059277
4851 LBJ Freeway, Suite 601
Dallas, Texas 75244
david@ptllaw.com
Tel:  (972) 395-5600
Fax:  (972) 833-2240

**Attorney in Charge for Plaintiff**